# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, | Civil Action No. 11-6114 (JLL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| CHARLES E. WARREN, *et al.*, | |
| Respondents. | |

IT APPEARING THAT:

1. On or about October 17, 2011, Petitioner Misael Cordero filed his petition for a writ of *habeas corpus* challenging his 2002 conviction for first-degree murder in the Superior Court of New Jersey. (ECF No. 1).

2. On February 26, 2014, this Court entered an Order and Opinion denying Petitioner's *habeas* petition on the merits. (ECF Nos. 34-35). Petitioner thereafter appealed that decision to the United States Court of Appeals for the Third Circuit. (ECF No. 36-39).

3. On December 22, 2016, the Third Circuit remanded the matter to this Court so this Court can consider one of Petitioner's claims which was not fully addressed in this Court's prior opinion – his assertion that he would have pled guilty had Petitioner been properly advised as to the applicability of gap time to any proposed plea. (Document 2 attached to ECF No. 43).

4. On January 13, 2017, this Court received the mandate issued by the Court of Appeals formally remanding this matter. (ECF No. 43).

5. On January 24, 2017, this Court entered a scheduling order directing Respondents to address the issues before the Court on remand. (ECF No. 44). The Court thereafter permitted

1

Petitioner to amend his sole remaining claim – that he would have pled guilty given constitutionally adequate advice from counsel. (*See* ECF No. 66).

6. Following remand and his amendment, Petitioner has only one set of claims before this Court –that trial counsel was constitutionally ineffective in advising him as to plea deals offered by the state, either because he failed to explain how gap time credits would reduce Petitioner's proposed sentences or failed to ascertain that certain charges in those deals would be dismissed as time barred. As Petitioner has conceded before both this Court and the Court of Appeals, he failed to adequately raise his ineffective assistance of plea counsel claim before the state courts during his post-conviction relief (PCR) proceedings, and this claim is therefore procedurally defaulted. *See Cordero v. Warren*, 673 F. App'x 254, 257 (3d Cir. 2016). Petitioner, however, contends that this Court can hear his claims despite his default because he only defaulted on those claims because of ineffective assistance of PCR counsel.

7. As the Supreme Court has recently explained,

> a federal court may not review federal claims that were procedurally defaulted in state court. . . . "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*, 501 U.S. 722, 731-32 (1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. *See McCleskey v. Zant*, 499 U.S. 467, 493[(1991)].
>
> A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show "cause" to excuse his failure to comply with the state procedural rule and "actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84[(1977)]; *Coleman*, [501 U.S.] at 750[.] To establish "cause"—the element of the doctrine relevant in this case—the prisoner must "show that some objective factor external

2

to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488[(1986)]. A factor is external to the defense if it "cannot fairly be attributed to" the prisoner. *Coleman*, [501 U.S.] at 753[.]

It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 451 [(2000)]. An error amounting to constitutionally ineffective assistance is "imputed to the State" and is therefore external to the prisoner. *Murray*, [477 U.S.] at 488[.] Attorney error that does not violate the Constitution, however, is attributed to the prisoner "under well-settled principles of agency law." *Coleman*, [501 U.S.] at 754[.] It follows, then, that in proceedings for which the Constitution does not guarantee the assistance of counsel at all, attorney error cannot provide cause to excuse a default. Thus, in *Coleman*, this Court held that attorney error committed in the course of state postconviction proceedings—for which the Constitution does not guarantee the right to counsel, *see Murray v. Giarratano*, 492 U.S. 1[(1989)] (plurality opinion)—cannot supply cause to excuse a procedural default that occurs in those proceedings. 501 U.S. at 755[.]

In *Martinez* [*v. Ryan*, 566 U.S. 1 (2012)], this Court announced a narrow, "equitable . . . qualification" of the rule in *Coleman* that applies where state law requires prisoners to raise claims of ineffective assistance of trial counsel "in an initial-review collateral proceeding," rather than on direct appeal. *Martinez*, 566 U.S. at 16, 17[.] It held that, in those situations, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if" the default results from the ineffective assistance of the prisoner's counsel in the collateral proceeding. *Id.* at 17[.] In *Trevino* [*v. Thaler*, 569 U.S. 413 (2013)], the Court clarified that this exception applies both where state law explicitly prohibits prisoners from bringing claims of ineffective assistance of trial counsel on direct appeal and where the State's "procedural framework, by reason of its design and operation, makes it unlikely in a typical case that a defendant will have a meaningful opportunity to raise" that claim on direct appeal. 569 U.S. at [428-29].

*Davila v. Davis*, --- U.S. ---, ---, 137 S. Ct. 2058, 2064–65 (2017).

8. Because New Jersey Courts have a general policy against hearing ineffective assistance claims on direct appeal save in those rare cases where counsel's ineffectiveness is clear from the trial record, *see, e.g., State v. Preciose*, 129 N.J. 451, 460-61 (1992), the *Trevino* rule is potentially applicable to Petitioner's defaulted ineffective assistance of plea counsel claim provided that that claim is substantial—*i.e.*, that it has some merit, *see Glenn v. Wynder*, 743 F.3d 402, 410 (3d Cir. 2014)—and Petitioner can establish that his PCR counsel was ineffective.[1]

9. Because this Court finds that Petitioner's underlying claim—that counsel failed to advise him as to gap time credits and that he would have pled guilty and received a lesser sentence had he received that advice—if proven would have at least some merit, *see, e.g., Lafler v. Cooper*, 566 U.S. 156, 167-71 (2012), Petitioner has presented a potentially substantial ineffective assistance of trial counsel claim.[2] Petitioner's entitlement to escape the procedural default as to his claim therefore rises or falls with his ability to show that he suffered ineffective assistance of PCR counsel.

10. The standard governing claims of ineffective assistance of counsel is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance

---

[1] It is for this reason that the State's argument that Petitioner should have raised his plea related ineffectiveness claims on direct repeal is meritless. The success or failure of that claim depends entirely on information that is explicitly not found within the trial record – the advice given to Petitioner by plea counsel, and whether Petitioner would have taken the offered pleas had he received that advice, as well as proofs as to what pleas were actually offered by the state. Because Petitioner's claims depend on this information, which is not clearly within the trial record, it is doubtful that Petitioner could have raised this claim on direct appeal. *Preciose*, 129 N.J. at 460-61.

[2] This Court cannot, and does not, find that Petitioner suffered ineffective assistance of plea counsel at this time. Instead, the Court notes only that, if Petitioner could prove his allegations to the Court's satisfaction at a testimonial hearing, he could potentially be entitled to habeas relief, and that his claims are thus substantial. *Glenn*, 743 F.3d at 410. It goes without saying that Petitioner's mere allegations that counsel did not advise him as to gap time credits and the relevant statute of limitations issues and that he would have taken the offered deal are insufficient to warrant relief without credible testimony or documentary evidence which proves those allegations.

4

was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.

In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299.

*Judge v. United States*, 119 F. Supp. 3d 270, 280–81 (D.N.J. 2015).

11. Because Petitioner's underlying claim of ineffective assistance of plea counsel is potentially meritorious, Petitioner likely could show that he was prejudiced by PCR counsel's failure to raise that claim if he were also able to demonstrate that his PCR counsel's performance

was deficient. A determination as to whether Petitioner's PCR counsel's performance was deficient thus depends on whether counsel comported himself in an objectively reasonable manner in light of the standards applicable to counsel in PCR proceedings in New Jersey. New Jersey requires PCR counsel to "communicate with his client and investigate [his] claims." *State v. Rue*, 175 N.J. 1, 18 (2002). Based on this communication and investigation, "counsel then must fashion the most effective arguments possible" based on the facts in the record and the allegations made by the petitioner. *Id.* at 18-19. "At the very least, [even] where communication and investigation have yielded little or nothing, counsel must advance the claims the client desires to forward in a petition and brief and make the best available arguments in support of them." *Id.* at 19. Once counsel advances the petitioner's arguments in the best available fashion in briefing the PCR matter, however, counsel "may choose to stand [on the briefing] at [any] hearing, and is not required to further engage in expository argument." *Id.*

12. From the record, and from the fact that the parties agree that Petitioner's plea claims are procedurally defaulted, it is clear that PCR counsel did not raise the plea-related claims Petitioner now pursues. The question, for the purposes of determining deficient performance, then, is whether Petitioner informed counsel of the fact that he would have pled guilty had he been properly advised as to gap time credits. Although the issue of gap time and its applicability was clearly an issue on direct appeal, PCR counsel is not expected to be a mind reader, and could not have known that Petitioner would have pled guilty had he been properly informed as to gap time unless Petitioner told him as much. While Petitioner made no allegation to that effect in his original petition, in the briefing following remand, Petitioner explicitly states that he asked PCR counsel to raise his plea-related ineffective assistance of counsel claim in his PCR, that counsel

6

failed to investigate that claim or file a brief with the PCR court raising the claim, and that he was not asked about this claim during his PCR hearing. (ECF No. 49 at 6-8). Petitioner also asserts that, despite counsel's failing, he tried to put the issue on the record to some extent by testifying at the PCR hearing that he was not informed as to how gap-time applied to a plea, and that he thus chose to go to trial. (*Id.* at 8). While the transcript is silent as to whether Petitioner ever actually told PCR counsel that he would have taken any of the offered plea deals, the PCR transcript does indicate that Petitioner testified that trial counsel never advised him as to the offered plea deals nor explained to him gap time credits or the applicable statute of limitations issues during the pre-trial phase of his case. (*See* Document 11 attached to ECF No. 59 at 38-39).

13. Based on Petitioner's allegations, and the supporting information contained in the PCR transcript, Petitioner has sufficiently alleged a *prima facie* case of deficient performance on the part of PCR counsel which, if Petitioner could prove that he asked counsel to raise his plea-related ineffective assistance claim, would permit him to overcome the procedural default bar. Because Petitioner has alleged a *prima facie Martinez* claim, and because this Court is unable to reject that claim's merits based on the record before it, this Court must conduct an evidentiary hearing on that claim. *See, e.g., Han Tak Lee v. Glunt*, 667 F.3d 397, 405-07 (3d Cir. 2012) (quoting *Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010)).

14. Because this Court will grant Petitioner a hearing as to Petitioner's *Martinez* claim, as it is in the interests of justice and judicial economy to do so, and because Petitioner's ineffective assistance of plea counsel claims would themselves require a hearing if Petitioner can prove his *Martinez* claim, the evidentiary hearing that this Court will grant Petitioner will also address the merits of Petitioner's underlying ineffective assistance of plea counsel claims, and both Petitioner

and the State should provide any testimony or evidence they may have as to those claims at the hearing on Petitioner's *Martinez* claim.

15. Finally, because this Court will grant Petitioner an evidentiary hearing, and because this Court has found Petitioner indigent in permitting him to proceed *in forma pauperis* on appeal, the Court is required pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases to appoint counsel for Petitioner.

16. In conclusion, Petitioner's request for an evidentiary hearing as to both his *Martinez* claim and his underlying ineffective assistance of plea-counsel claims is GRANTED, and Petitioner shall be appointed counsel pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in advance of that hearing. An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court